Virginia Diann **FANCHER**, Plaintiff,

v.

**VETERANS ADMINISTRATION MEDICAL CENTER, Little Rock, Arkansas, Defendant.**

No. LR–C–79–541.

United States District Court, E. D. Arkansas, W. D.

Feb. 10, 1981.

W. Michael Hamilton, Kaplan, Brewer & Bilheimer, Little Rock, Ark., for plaintiff.

Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

ROY, District Judge.

The plaintiff, Virginia Diann Fancher, filed her complaint herein on December 14, 1979, in which she alleged that the Veterans Administration Medical Center, where she was formerly employed as a Nuclear Medical Service Technician, unlawfully discriminated against her by means of her pregnancy, in violation of 42 U.S.C. § 2000e, *et seq.* It is specifically alleged that in January 1978 she advised her supervisor that she was pregnant and that she was thereafter placed on limited duty which lessened her exposure to radiation. Some four months afterwards, on April 19, 1978, while still pregnant, she was told that she would have to either (1) return to her former full duties in nuclear medicare which involved more exposure to radiation; or (2) agree to a permanent reassignment to the chemistry laboratory (which presumably involved no

exposure to radiation at all); or (3) take immediate early maternity leave. So that she might continue working as long as possible, but not be exposed to radiation while pregnant, Ms. Fancher chose the second of these alternatives, i. e., assignment to the chemistry laboratory. Sometime thereafter Ms. Fancher took regular maternity leave, and upon her return on March 25, 1979, she was offered only a position in the chemistry laboratory and was not reinstated, as she desired, to her previous position as a Nuclear Medical Service Technician. As a result, she claims she was constructively discharged from her employment at the VA.

On February 15, 1980, the defendant filed its answer wherein it denied any unlawful discrimination. Subsequently, on June 20, 1980, a motion to dismiss was filed. By filing its answer, the defendant has technically waived its right to file a motion to dismiss; however, in the interest of judicial economy, the motion will be considered but will be treated herein as a motion for summary judgment.

■ The defendant has raised three issues which it claims mandate the dismissal of the complaint. First, it is alleged that Ms. Fancher's allegations of discrimination because of pregnancy are based on events which occurred prior to the enactment of 42 U.S.C. § 2000e(k) and that consequently the Court lacks subject-matter jurisdiction over the complaint. That section, effective October 31, 1978, provides an explanation of the meaning of the words "because of sex" (which are used in subsequent sections prohibiting discrimination "because of sex"). The relevant portions state as follows:

*Section 2000e(k).*

"The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work . . ."

Prior to the passage of § 2000e(k), eighteen federal district courts and all seven courts of appeals which had considered the issue had rendered decisions prohibiting sexual discrimination in employment based on pregnancy as being in violation of Title VII guidelines which had been established by the Equal Employment Opportunity Commission (EEOC). See 1978 U.S.Code Cong. and Ad.News (5), 4749, 4750. However, contrary to the lower courts' findings, the United States Supreme Court in *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), held that discrimination because of pregnancy was not sex discrimination *per se* and that the test to be applied was whether the acts complained of had a disparate impact on women. No Title VII violation was found in the *Gilbert* case, which involved a disability insurance plan which excluded coverage for women with pregnancy-related disabilities.

Then, under a seemingly similar set of facts, the Court in *Nashville Gas Co. v. Satty*, 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977), found that a policy depriving women who were absent from work due to childbirth of accumulated seniority for certain purposes did have a disparate impact on women and did violate Title VII, despite the fact that the policy was neutral on its face. The Court distinguished *Satty* from *Gilbert* on the ground that,

"... [the employer] has not merely refused to extend to women a *benefit* that men cannot and do not receive, but has imposed on women a substantial *burden* that men need not suffer. The distinction between benefits and burdens is more than one of semantics. We held in *Gilbert* that § 703(a)(1) did not require that greater economic benefits be paid to one sex or the other 'because of their differing roles in "the scheme of human existence,"' 429 U.S., at 139, 97 S.Ct., at 410 n. 17 [50 L.Ed.2d 343]. But that holding does not allow us to read § 703(a)(2) [42 U.S.C. § 2000e-2(a)(2)] to permit an employer to burden female em-

ployees in such a way as to deprive them of employment opportunities because of their different role." [Emphasis supplied.] 434 U.S., at 142, 98 S.Ct., at 351.

Thus, even before Congress passed the specific pregnancy amendment to Title VII [42 U.S.C. § 2000e(k)], the Court in *Satty* had made it clear that, at least in some instances, policies which resulted in discrimination based upon pregnancy could in fact constitute Title VII violations. With respect to the plaintiff's claims in the instant case which originated from actions taken by the defendant prior to the passage of § 2000e(k), it is the finding of the Court that it has subject-matter jurisdiction to consider same under the reasoning set forth in the *Satty* opinion. Therefore, the plaintiff should be allowed to develop further these contentions and to show whether the policies utilized by the defendant toward her constituted merely a refusal to extend a benefit, as per *Gilbert*, or whether they constituted the imposition of a burden, as per *Satty*.

 With respect to the actions of the defendant which occurred *after* the effective date of § 2000e(k), to wit, the refusal to reinstate the plaintiff to the position which she held prior to her pregnancy, the Court finds that it clearly has jurisdiction over said claims; indeed, it does not appear that the defendant has seriously contended otherwise. Consequently, the motion to dismiss (which we are treating as a motion for summary judgment) cannot be granted on grounds that the Court lacks subject-matter jurisdiction.

 The next contention raised by the defendant in support of its position is that Ms. Fancher has failed to exhaust her administrative remedies by failing to allege in her complaint, which was initially filed with the EEOC counselor at the VA Medical Center, that she, as a pregnant female, was being treated any differently from males

with partially and/or temporarily disabling conditions. In her administrative complaint (which is dated April 30, 1978, and is attached to plaintiff's complaint as Exhibit "A"), under the section marked "Item No. 9—Corrective Action Sought," the following statement appears:

"6. That I be treated as other employees in this unit."

The Court finds that this allegation, while not specifically containing any reference to the defendant's treatment of males in comparison to its treatment of females, was adequate to fulfill the exhaustion requirement, particularly when it is remembered that a complaint filed pursuant to Title VII in federal court need not be the mirror image of the administrative complaint lodged with the EEOC. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). Thus, the defendant's motion based upon the contention that the plaintiff failed to exhaust her administrative remedies must be denied.

 Finally, the defendant contends that while § 2000e(k) mandates that pregnant females be treated *the same* as other employees on the basis of their ability to work, the plaintiff is claiming that the defendant acted unlawfully in not providing her with *special treatment* during her pregnancy, to wit, not allowing her to remain in her temporary position which reduced her exposure to radiation. The defendant contends that such special treatment is not mandated by § 2000e(k), and that consequently the plaintiff has failed to state a claim thereunder. The Court finds that these contentions of the defendant must be denied for the following reason: The "special treatment" given to the plaintiff during the early months of her pregnancy occurred prior to the effective date of § 2000e(k) and thus, as noted in discussing the defendant's first claim, should not be considered in terms of that amendment.[1] Rather, these

---

1. It is interesting to note that in its first argument the defendant urges that the Court lacks subject-matter jurisdiction over the claims of the plaintiff which arose prior to the passage of 42 U.S.C. § 2000e(k). In the argument presently under discussion, however, the defendant

seems to contend that the amendment *is* applicable to the present case, in that it urges that those very same claims should be denied because they do not fall within the scope of activities prohibited by the Act.

preamendment claims of the plaintiff will be considered according to the standards set forth in *Nashville Gas Co. v. Satty, supra,* i. e., whether the defendant's acts imposed a "substantial burden" upon the plaintiff. Ms. Fancher's post-amendment claims, namely, that she was not reinstated to the position which she held prior to becoming pregnant, *will* be considered pursuant to the standard set forth in § 2000e(k). These claims appear to fall squarely within the language of the statute, in that the plaintiff is contending that she was not treated similarly to others returning from a leave of absence who were gone for reasons other than pregnancy.

In summary, the complaint on its face presents a cause of action and cannot be dismissed for any of the reasons urged by the defendant, and the motion of the defendant must therefore be denied.